GEORGE KELLY, Appellant, v. NORMAN W. COUN-. TRYMAN and CATHARINE STRAYER, Administrator and Administratrix, etc., of JOSIAH STRAYER, Deceased, Respondents.

*Commencement of action — warrant of attachment — summons must be served within thirty days after issue of.*

April 10th, 1877, a warrant of attachment, summons and complaint against Josiah Strayer were delivered to the sheriff for service. April 14th, a levy was made under the warrant. On April 18th Strayer died, not having been served with the summons. On May 28th, an order was granted allowing the action to be continued by the service of a summons and complaint therein on the defendants, his administrators; and on June 18th, they were served upon them.

*Held*, that as the summons was not served within thirty days from its issue, the warrant of attachment and the levy thereunder were void.

APPEAL from an order denying a motion of the plaintiff for an order directing the sheriff of Montgomery county to sell a bond and mortgage, levied upon under a warrant of attachment issued in this action.

The original summons and complaint in this action were issued against Josiah Strayer April 10, 1877, and on the same day a warrant of attachment was allowed. The summons, complaint and warrant of attachment were all delivered to the sheriff April 10, 1877, for service. The sheriff attached the bond and mortgage in question April 14, 1877.

The original defendant, Josiah Strayer, died April 18, 1877, in Onondaga county, before the service of the summons upon him. On the 28th day of May, 1877, an order was granted at Special Term, on due notice to the defendants, allowing the action to be continued by the service of a summons and complaint therein on the defendants, the legal representatives of deceased; the order was entered on the 29th.

The summons and complaint were severally served on the present defendants June 18, 1877; they appeared and put in a general answer. The cause was tried October 16, 1877; the jury gave plaintiff a verdict for $1,126.26, for which sum and costs judgment was entered November 18, 1877.

The following is the opinion of Judge LANDON on denying the motion, from which this appeal was taken:

An attachment under the Code (§ 227, Old Code) issues only in an action. In order to commence an action, a summons must be served upon the defendant in one of the methods prescribed by the Code (§ 127). Nevertheless, for the purpose of an attachment, it is provided (§ 227): " An action shall be deemed commenced when the summons is issued, provided, however, that personal service of such summons shall be made, or publications thereof commenced within thirty days."

In this case the original defendant died within thirty days after the issuing of the summons and attachment, and before service of the summons upon him. The action against the original defendants was, therefore, only conditionally commenced; and the conditions not having been complied with, it must be held that the action never was actually commenced against him. Since the service of the summons was a condition necessary to the life of the action, it is quite immaterial by what casualty the plaintiff was prevented from performing the condition. It turns out that the attachment was issued otherwise than in an action, and therefore must fail. ( *Waffle* v. *Goble*, 53 Barb., 517; *Taddikin* v. *Cantrell*, 1 Hun, 710.)

After the death of the original defendant, the plaintiff obtained leave of the court to proceed against the present defendants, as his administrators, by the service of a summons and complaint upon them. Service thereof was made, but not within thirty days from the issuing of the original summons. If such service had been made within the thirty days, doubtless the attachment could be upheld; but as it was not, the attachment failed.

*D. S. Morrel*, for the appellant. By the death of Strayer the action was suspended. (Code of Procedure, § 121; *Moore* v. *Hamilton*, 44 N. Y., 666, 672; *Thacher* v. *Bancroft*, 15 Abb., 243; *Heinmuller* v. *Gray*, 44 How., 260; *Livermore* v. *Bainbridge*, 43 id., 272; *McCarty* v. *Peake*, 18 id., 138; *Fulmann* v. *Bruner*, 4 N. Y. S. C. [T. & C.], 558.) From that time, the thirty days provided by section 227 of the Code of Procedure for the service of the summons ceased to run. (*Moore* v. *Ham-*

*ilton,* 44 N. Y., 666, 672; *Heinmuller* v. *Gray,* 44 How., 260; *McColloch* v. *Norwood,* 58 N. Y., 562.) The court is deemed to have acquired jurisdiction of the action, and control of all subsequent proceedings, from the time of the allowance of the warrant of attachment. (Code of Procedure, § 139; *Moore* v. *Thayer,* 6 How., 47; *Buckhardt* v. *Sandford,* 7 How., 329; *Thacher* v. *Bancroft,* 15 Abb., 243; section 139 of the Code of Procedure; *Moore* v. *Thayer,* 10 Barb., 258.) A voluntary appearance of a defendant is equivalent to the personal service of the summons upon him. (Code of Procedure, § 139.) All questions, subsequent to the granting of the warrant of attachment, including the service of the summons, are questions of regularity. (*Buckhardt* v. *Sandford,* 7 How., 329; *Gere* v. *Gundlach,* 57 Barb., 13; *Simpson* v. *Burch,* 4 Hun, 315.)

*James E. Dewey,* for the respondents.

*Per Curiam:*

We think that the reasons stated in the opinion of Mr. Justice LANDON dispose of this case. But the plaintiff insists that his rights are saved by section 139, Old Code. By that section the court, from the time of the allowance of a provisional remedy, is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. But this is not in conflict with section 127, declaring that an action is commenced by the service of a summons, or with section 227, providing that for the purpose of that section the action is deemed commenced by the issue of a summons provided, etc. The court had jurisdiction of the subsequent proceedings in this case. But the failure to serve the summons within thirty days, made its previous issue a nullity, in respect to the commencement of the action. And the attachment fell with the action. The order should be affirmed, with $10 costs and printing disbursements.

Present :—LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Order affirmed, with $10 costs and printing.